IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JERRY E. KILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-494-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JANE E. KINNE, | ) | |
| | ) | |
| Defendant. | ) | |

    Jerry E. Kill
    5212 N. E. 28th
    Portland, Oregon  97211

        Pro Se Plaintiff

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Scott Erik Asphaug
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

*Pro se* plaintiff Jerry E. Kill brings an action alleging defendant Jane E. Kinne slandered and libeled him. Before the court is the United States of America's Motion to Substitute (#4), and the United States of America's Motion to Dismiss (#5). Plaintiff has not filed a response to either motion. For the following reasons, I grant both motions.

## LEGAL STANDARDS

Under the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA"), the Attorney General or his designee may certify that the defendant was acting within the course and scope of his employment, thereby converting the action into one against the United States. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3. Plaintiff bears the burden of disproving the Attorney General's employment certification. Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993). Once the United States is substituted for the named defendant, the Federal Tort Claims Act is plaintiff's only avenue of recovery. See id.

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The waiver of sovereign immunity is a question of subject matter jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The court is not restricted to the pleadings but may rely on any evidence, including affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. McCarthy, 850 F.2d at 560.

## DISCUSSION

I.    <u>Substitution of United States for Jane E. Kinne</u>

Plaintiff has not met his burden of disproving the Attorney General's certification, through the United States Attorney, that Jane E. Kinne "was acting within the course and . . . scope of her employment at the time of the allegations contained in the Multnomah County Notice of Small Claim." United States Attorney Certification. Therefore, the United States will be substituted for Jane E. Kinne.

II.    <u>Motion to Dismiss</u>

To proceed with a suit against the United States, there must be a waiver of sovereign immunity. <u>Federal Deposit Insurance Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA") includes a limited waiver of sovereign immunity, except in particular instances that are listed in 28 U.S.C. §§ 2680 (a)-(h). Subsection (h) specifically excepts any claim arising out of libel or slander from the FTCA waiver of immunity. Accordingly, because the federal government has not waived immunity over claims arising out of libel or slander, and because that is plaintiff's only claim here, this Court lacks subject matter jurisdiction over the action.

In addition, pursuant to the provisions of FTCA, plaintiff was required to provide notice to the Department of Veteran's Administration prior to instituting this action. 28 U.S.C. § 2675. Plaintiff failed to abide by this requirement, and as a result this Court lacks subject matter jurisdiction. Declaration of Scott Erik Asphaug in Support of Motion to Dismiss, at 2; <u>Blair v. IRS</u>, 304 F.3d 861, 868, 869 (9th Cir. 2002).

Page 3 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I grant the United States of America's Motion to Substitute (#4) and the United States of America's Motion to Dismiss (#5).

IT IS SO ORDERED.

Dated this ___9th___ day of May, 2006.

                                                    /s/ Garr M. King  
                                                    Garr M. King  
                                                    United States District Judge